MEMORANDUM **
Petitioner Saleem Ullah Saqib appeals the Board of Immigration Appeals’ denial of his petition for asylum, withholding of removal, and protection under the Convention Against Torture. He argues that the Board erred in concluding that his mental illness did not constitute “extraordinary circumstances” such as to excuse his untimely asylum petition, and that the Board erred in affirming the immigration judge’s (“IJ’s”) adverse credibility determination.
The facts of this case are familiar to the parties, and we do not repeat them here. We review adverse credibility findings of the Board under the substantial evidence standard — thus, “the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review questions of law de novo. De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir.2004).
*902 Where, as here, the facts underlying the Board’s determination on “extraordinary circumstances” are undisputed, we have jurisdiction to review the Board’s decision denying a petitioner’s untimely asylum claim. Husyev v. Mukasey, 528 F.3d 1172, 1177-80 (9th Cir.2008). To demonstrate extraordinary circumstances, an applicant must show (1) “that the circumstances were not intentionally created by the alien through his or her own action or inaction,” (2) “that those circumstances were directly related to the alien’s failure to file the application within the 1-year period,” and (3) “that the delay was reasonable under the circumstances.” 8 C.F.R. § 1208.4(a)(5). Although the Board used the word “caused” rather than “directly related” when it held that Saqib’s mental illness did not constitute an “extraordinary circumstance,” it did not err in so deciding. Saqib’s mental illness did not prevent him from filing a number of other petitions in an attempt to remain in the United States, and he admitted that he consciously chose to pursue those other methods rather than seek asylum. Thus, the Board did not err in rejecting Saqib’s asylum petition as untimely.
The Board also did not err in affirming the IJ’s adverse credibility finding. The IJ detailed numerous inconsistencies in Saqib’s testimony, and gave Saqib ample time to produce corroborating evidence to mitigate these inconsistencies. Because Saqib consistently failed to “produce non-duplicative, material, easily available corroborating evidence and provide[d] no credible explanation for such failure, [the] adverse credibility finding will withstand appellate review.” Sidhu v. INS, 220 F.3d 1085, 1092 (9th Cir.2000).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.